UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------

KAVON JENKINS,            Civil Case No.   1:17-cv-07764

           Plaintiff,            **COMPLAINT**

     -against-

           **Trial by Jury Demanded**

YELLOWSTONE PROPERTIES, INC.,
ORLANDO FRANCO, individually and
in his official capacity, JOHN AND JANE
DOES 1-10, XYZ CORP. 1-10,

           Defendants,

---------------------------------------------------------------

Plaintiff, Kavon Jenkins ("Plaintiff" and/or "Jenkins"), by his attorney the Law Office of Rudy A. Dermesropian, LLC, makes the following allegations against defendants Yellowstone Properties, Inc. ("Yellowstone"), Orlando Franco ("Franco"), individually and in his official capacity, John and Jane Does 1-10, and XYZ Corp. 1-10 (collectively referred to as "Defendants"):

## INTRODUCTION

1. Plaintiff brings this action pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and specifically, the collective action provision of 29 U.S.C. § 216(b), and pursuant to the New York Labor Law Art. 6, §§ 190 *et seq.* ("NYLL"), to remedy Defendants' violations of the wage-and-hour provisions of the FLSA and NYLL that have deprived Plaintiff of his lawfully earned wages and benefits.

2. Defendants have been and are still trampling the federal and state interests in pursuit of their own profits, saving significant amounts in earned wages and benefits, implementation of policies, by failing to make, keep, and preserve accurate records, including but not limited to, hours

worked each workday and total hours worked each workweek, as required by the FLSA and NYLL, and supporting federal and state regulations.

3. Plaintiff also brings this action to remedy Defendants' retaliatory actions in violation of the New York Whistleblower Act, Labor Law § 740, *et seq.*, and to remedy Defendants' intentional creation of a hostile work environment, unlawful discrimination, harassment, retaliation and unlawful adverse actions towards the Plaintiff based on his race (Black) in violation of Executive Law of the State of New York, New York State Human Rights Law ("NYSHRL" or "Executive Law"), § 296, *et seq.*, and the Administrative Code of the City of New York, New York City Human Rights Law ("NYCHRL" or "Administrative Code"), § 8-101, *et seq*.

## THE PARTIES

4. Plaintiff, a Black individual and resident of the Bronx, New York, is a former employee of Yellowstone.

5. At all relevant times herein, Plaintiff was employed by Yellowstone as a porter and was assigned by Defendants two work on properties in the Counties of the Bronx and New York.

6. Plaintiff is a covered employee within the meaning of the FLSA and NYLL.

7. At all relevant times herein, Plaintiff was an "employee" of Defendants within the meaning of the Executive law § 292(6) and a "person" within the meaning of the Administrative Code §8-102(1).

8. Upon information and belief, Defendant Yellowstone is a privately held for-profit company with a main office located at One Depot Plaza, 2nd Floor, Mamaroneck, New York, and is engaged in managing different real estate properties in and outside New York.

9. Defendant Yellowstone is a covered employer that has engaged and continues to engage in interstate commerce within the meaning of the FLSA and the NYLL.

10. At all relevant times herein, Defendant Yellowstone employed Plaintiff.

11. Upon information and belief, at all relevant times, Defendant Yellowstone has had gross revenues in excess of $5,000,000.

12. Defendant Yellowstone is an "employer" within the meaning of Executive Law § 292(5), and within the meaning of the Administrative Code § 8-102(5) because it had more than four (4) persons in its employ.

13. Defendant Franco is a Property Manager with Defendant Yellowstone and an "employee" within the meaning of Executive law § 292(6), and a "person" within the meaning of the Administrative Code §8-102(1).

14. Defendants John and Jane Does 1–10 are natural persons whose true identities are not yet known to plaintiff and are partners, shareholders, principals, employees, agents or persons otherwise associated with one or more of the other defendants, or were otherwise in positions which enabled them to commit, or to aid and abet in the commission of, the wrongful acts against plaintiff set forth herein.

15. Defendants XYZ Corp. 1–10 are additional entities whose true identities are not yet known to plaintiff, which are owned or operated by, affiliated with, owned and/or managed by or for the benefit of one or more other defendants, or any combination of any or all of them.

16. In committing the wrongful conduct described in this action and obtaining the benefits therefrom to plaintiff's loss, cost, damage and detriment, one or more of the defendants acted and operated interchangeably as principals, agents, instrumentalities and/or *alter egos* of one or more of them and/or each other.

17. Each John or Jane Doe Defendant is an "employee" within the meaning of NYSHRL and NYCHRL.

18. Each XYZ Corp. Defendant is an "employer" within the meaning of the NYSHRL Section 292(5) and NYCHRL Section 8-102(5).

## JURISDICTION AND VENUE

19. This Court has subject matter jurisdiction with respect to Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 and 1337.

20. The unlawful employment practices were committed in New York County, Southern District of New York, when the within alleged conduct took place.

21. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. § 1331, as this action arises under the laws of the United States.

22. This Court also has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

23. Defendant Yellowstone is subject to personal jurisdiction in New York because, among other things: (a) it is a New York corporation; and (b) maintains an office in New York.

24. This Court has supplemental jurisdiction over Plaintiff's New York State and New York City claims pursuant to 28 U.S.C. § 1367(a). The New York State and New York City claims are inexorably related to, arise out of the same operative facts and circumstances as, and are a necessary, integral part of the federal law claims, such that the federal claims and New York State and New York City law claims form part of the same case or controversy.

25. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) & (c).

26. A substantial part of the events or omissions giving rise to the claims occurred in this District.

27.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## FACTS

### General Background

28.     In or about September 2014, Plaintiff was employed by Yellowstone as a painter.

29.     In or about September 2015, because Defendants were impressed with Plaintiff's job performance and work ethic, they offered him a full time position as a porter.

30.     Plaintiff accepted the job offer and was assigned to the building that Yellowstone was managing located at 731 Gerard Avenue, Bronx, New York (the "Gerard Building").

31.     While working at the Gerard Building, one of Plaintiff's supervisors was Milton Guzman ("Guzman"), who was also the superintendent of the Gerard Building.

### New York Whistleblower Act Violations

32.     In or about October 2015, Plaintiff started complaining to Guzman and Franco, the property manager, about a rat problem at the Gerard Building.

33.     The rat problem at the Gerard Building was a serious health and safety threat to the public, including but not limited to the tenants of the building and the employees, like Plaintiff, working in that building.

34.     Defendants failed and refused to take any remedial action to the rat problems.

35.     Instead, Defendants started retaliating against Plaintiff for voicing his complaints regarding the foregoing health and safety issues at the workplace.

36.     For example, every time that Plaintiff would complain about rats in the basement and other work areas that he was responsible for, Franco would threaten to terminate him if he did not work in those rat infested areas.

5

37. In essence, Defendants were forcing Plaintiff to work in a very dangerous environment which could cause him severe harm or illness.

38. Plaintiff continued to complain to Defendants regarding the rats at the Gerard Building until he was transferred to a new building located at 175 East 151st Street, Bronx, New York ("151 Building") in or about December 2015.

39. Plaintiff's transfer to the 151 Building was another form of retaliation.

40. The rat infestation at the 151 Building was much worse that the Gerard Building.

41. In addition, Plaintiff was forced to work with a dangerously defective trash compactor where he was compelled to remove trash bags from it by hand while risking severe bodily injury and/or being bitten by rats that were roaming in and about the compactor.

42. Plaintiff made numerous verbal and written complaints regarding the dangerous compactor and the rat infestation.

43. In response, Defendants continued to threaten to terminate him if he refused to work in such environment.

44. Throughout the time he was working at the 151 Building, Defendant Franco continued to threaten and intimidate Plaintiff every time he complained about the numerous health and safety violations.

45. Defendants were not content with the foregoing obvious and severe acts of harassment and retaliation, and instead continue to retaliate against Plaintiff by falsely writing him up for alleged performance issues.

46. For example, in 2017, before being terminated, Defendant Franco wrote-up Plaintiff for allegedly refusing to empty and clean the compactor that was dangerously defective and infested with rats.

47.     In fact, Defendant Franco issued Plaintiff three (3) false write-ups in or about June and July 2017.

48.     Furthermore, during the last year of his employment, the rat problem at the 151 Building became significantly worse and Defendants continued to refuse and fail to cure those health and safety violations, and continued to refuse to fix the compactor.

49.     Because of the increased rat problem at the 151 Building, Plaintiff's complaints to Defendants also increased, to no avail.

50.     As a final form of retaliation for complaining about the numerous and obvious health and safety violation at the workplace, Defendants wrongfully terminated Plaintiff on August 11, 2017.

51.     Video recordings and photographs taken by Plaintiff during the time he was employed by Defendants show, without a shadow of a doubt, the horrendous and dangerous conditions he was compelled to work in.

### Overtime Violations

52.     At all relevant times herein, Plaintiff was a full time employee of Yellowstone and scheduled to work forty (40) hours per week.

53.     During the entire time that he worked for Defendant Yellowstone, Plaintiff worked an average of four (4) hours of overtime per week for an average total of 208 hours per year.

54.     During his first year as a painter, Plaintiff earned $12.75 per hour and was supposed to earn $19.125 for every overtime hour he worked over forty hours per week.

55.     During the second year of his employment as a porter, Plaintiff continued to earn $12.75 per hour and was supposed to earn $19.125 for every overtime hour he worked over forty hours per week.

56. During the third year of his employment as a porter, Plaintiff's hourly wage was increased to $14.25 per hour and was supposed to earn $21.375 for every overtime hour he worked over forty hours per week.

57. Defendants never instructed Plaintiff not to work overtime hours, profiting from his hard work and long working hours.

58. Defendants failed to pay Plaintiff for the overtime hours he worked at a rate of time and a half.

59. The amount of overtime that Plaintiff worked during the first year of his employment and was willfully not paid for is an amount not less than $3,978.

60. The amount of overtime that Plaintiff worked during the second year of his employment and was willfully not paid for is an amount not less than $3,978.

61. The amount of overtime that Plaintiff worked during the third year of his employment and was willfully not paid for is an amount not less than $4,446.

62. As such, the total of overtime that Plaintiff worked and was intentionally not paid for by Defendants during the entire time of his employment equals an amount not less than $12,402.

63. Defendants are liable under the FLSA and NYLL, *inter alia*, for failing to properly compensate Plaintiff.

64. Plaintiff has been victim of a policy and plan perpetrated by Defendants that have violated his rights under the FLSA and the NYLL by denying him overtime wages, spread-of-hours wages, and call-in pay.

65. At all relevant times, Defendants' unlawful conduct, policies, patterns and/or practices described in this Complaint have been willful.

66. As part of its ongoing business practice, Defendants have intentionally, willfully, and repeatedly harmed Plaintiff by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL, as described in this Complaint. This ongoing policy, pattern or practice includes, but is not limited to:

   a. Defendants failed to pay Plaintiff overtime for hours worked over forty in a workweek, spread-of-hours pay for workdays over 10 hours, and call-in pay for at least four hours per day; and

   b. Defendants failed to keep accurate and adequate records of hours worked by Plaintiff as required by the FLSA and the NYLL.

67. Upon information and belief, Defendants' unlawful conduct described in this Complaint has been pursuant to a corporate policy or practice of minimizing labor costs by knowingly refusing and failing to pay employees for overtime hours in violation of the FLSA and the NYLL.

68. Defendants' unlawful conduct, policies and practices have been widespread, repeated, consistent and ongoing.

69. Defendants' unlawful conduct, as set forth in this Complaint, has been intentional, willful, and in bad faith, and has caused significant damages to Plaintiff.

## **Race Discrimination**

70. Upon information and belief, Defendant Yellowstone managed ten (10) buildings, including but not limited to the Gerard Building and the 151 Building.

71. Upon information and belief, during his employment with Yellowstone, Plaintiff was the only Black porter assigned to a building managed by Defendants.

72. Upon information and belief, all other porters were Hispanic.

9

73. Defendant Franco required Plaintiff to clean the building he was assigned to from roof landing all the way to the basement by dusting the 1-inch molder with a duster and sweeping the entire building, every day, while other non-Black porters were not required to perform the same belittling and demeaning tasks.

74. Also, Plaintiff was the only porter that was forced to clean and empty the dangerously defective compactor infested with rats, and the basement that was overtaken by rats, while other non-Black porters were not forced to engage in such dangerous and harmful work.

75. Plaintiff was the only porter compelled to work in such hostile environment, while other non-Black employees were not forced to work in such environment.

76. Also, Plaintiff was the only porter that was written-up by Defendants for complaining about the health and safety violations at the work-place, while other non-Black porters were not written-up.

77. Furthermore, after unlawfully terminating Plaintiff on August 11, 2017, Defendants replaced Plaintiff with a Hispanic (non-Black) porter.

78. As a result of Defendants' discriminatory, retaliatory, harassing and hostile conduct, Plaintiff suffered, and continues to suffer, mental anguish, emotional distress, loss of enjoyment of life, anxiety, stress, and other monetary damages connected with Defendants' aforementioned actions and violations.

**AS AND FOR A FIRST CAUSE OF ACTION**
**Fair Labor Standards Act – Overtime Wages**

79. Plaintiff repeats, reiterates and re-alleges all prior allegations as though fully set forth herein.

80. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq*., and the supporting federal regulations, apply to Defendants and protect Plaintiff.

81. Defendants have failed to pay Plaintiff overtime wages at time and a half for hours that he worked over 40 hours in a work-week.

82. As a result of Defendants' unlawful acts, Plaintiff has been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recover such amounts, liquidated damages, pre- and post-judgment interests, attorneys' fees, costs, and other compensation pursuant to the FLSA.

83. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional.

84. Defendants were or should have been aware that the practices described in this Complaint are unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

## AS AND FOR A SECOND CAUSE OF ACTION
### New York Labor Law Article 19 – Overtime Wages

85. Plaintiff repeats, reiterates and re-alleges all prior allegations as though fully set forth herein.

86. The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants and protect Plaintiff.

87. Defendants have failed to pay Plaintiff overtime wages to which he is entitled to under the NYLL and the supporting New York State Department of Labor Regulations.

88. By Defendants' knowing and/or intentional failure to pay Plaintiff overtime wages for hours worked over 40 hours per work week, they willfully violated NYLL Art. 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

89. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid overtime wages, liquidated damages, reasonable attorneys' fees, costs, pre- and post-judgment interests and other compensation pursuant to NYLL.

90. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were or should have been aware that the practices described in this Complaint are unlawful. Defendants have not made a good faith effort to comply with the NYLL with respect to the compensation of Plaintiff.

**AS AND FOR A THIRD CAUSE OF ACTION**
**New York Labor Law Article 19 – Spread-of-Hours Pay**

91. Plaintiff repeats, reiterates and re-alleges all prior allegations as though fully set forth herein.

92. Defendants have willfully failed to pay Plaintiff additional compensation of one hour's pay at the minimum hourly wage rate for each day during which he worked more than 10 hours.

93. By Defendants' failure to pay Plaintiff spread-of-hours, Defendants have willfully violated NYLL Art. 19 §§ 650 *et seq*., and the supporting New York State Department of Labor regulations.

94. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants his wages, liquidated damages, reasonable attorneys' fees, costs, pre- and post-judgment interests and other compensation pursuant to NYLL.

**AS AND FOR A FOURTH CAUSE OF ACTION**
**New York Labor Law Article 19 – Recordkeeping Violations**

95. Plaintiff repeats, reiterates and re-alleges all prior allegations as though fully set forth herein.

96. Defendants failed to make, keep, and preserve accurate records with respect to Plaintiff, including, but not limited to, hours worked each workday and total hours worked each work week, as required by NYLL Art. 19 *et seq.*, and supporting regulations.

97. As a result of Defendants' unlawful acts, Plaintiff was damaged in amounts to be determined at trial, and is entitled to recover such amounts, liquidated damages, pre- and post-judgment interests, attorneys' fees, costs, and other compensation pursuant to NYLL.

98. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Complaint are unlawful. Defendants have not made a good faith effort to comply with the NYLL with respect to recordkeeping.

## AS AND FOR A FIFTH CAUSE OF ACTION
### Violation of New York Labor Law Article 6, § 198-c

99. Plaintiff repeats, reiterates and re-alleges all prior allegations as though fully set forth herein.

100. Defendants had an obligation to pay Plaintiff for the overtime hours he worked.

101. Defendants failed, neglected and refused to pay the amounts necessary to Plaintiff within thirty days after such payments were required to be made.

102. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid overtime wages, liquidated damages, reasonable attorneys' fees, costs, pre- and post-judgment interests and other compensation pursuant to NYLL.

103. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional.  Defendants were or should have been aware that the practices described in this Complaint are unlawful.  Defendants have not made a good faith effort to comply with the NYLL with respect to the compensation of Plaintiff.

**AS AND FOR A SIXTH CAUSE OF ACTION**
**Discrimination Based on Race in**
**Violation of Executive Law § 296,** *et seq.* **against All Defendants**

104. Plaintiff repeats, reiterates and re-alleges all prior allegations as though fully set forth herein.

105. Defendants violated Executive Law §296, *et seq.* by engaging in, perpetuating and permitting supervisory and decision making employees to engage in discriminatory employment practices in which Plaintiff's race was the motivating, if not the only factor.

106. As a result of Defendants' aforementioned conduct, Plaintiff has suffered, and continues to suffer, loss of past and future wages and benefits, mental anguish, severe emotional distress, loss of enjoyment of life, and other monetary damages connected with Defendants' aforementioned violations.

107. Plaintiff continues to suffer and to incur additional damages by reason of the foregoing.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
**Discrimination Based on Race in**
**Violation of Administrative Code § 8-107,** *et seq.* **against All Defendants**

108. Plaintiff repeats, reiterates and re-alleges all prior allegations as though fully set forth herein.

109. Defendants violated Administrative Code § 8-107, *et seq.* by engaging in, perpetuating and permitting supervisory and decision making employees to engage in discriminatory employment practices in which Plaintiff's race was the motivating, if not the only factor.

110. As a result of Defendants' aforementioned conduct, Plaintiff has suffered, and continues to suffer, loss of past and future wages and benefits, mental anguish, severe emotional

distress, loss of enjoyment of life, and other monetary damages connected with Defendants' aforementioned violations.

111. Plaintiff continues to suffer and to incur additional damages by reason of the foregoing.

112. As a result of the outrageous and blatantly discriminatory conduct of Defendants, with such conduct that contravenes public policies and statutes, Plaintiff is entitled to punitive damages.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
### Hostile Work Environment in Violation of Executive Law § 296, *et seq*.

113. Plaintiff repeats, reiterates and re-alleges all prior allegations as though fully set forth herein.

114. The workplace is permeated with discriminatory intimidation, actions, and ridicule, which were sufficiently severe that they altered the conditions of Plaintiff's employment and created an abusive working environment, which placed Plaintiff in harm's way and which lead to Plaintiff suffering a permanent and serious emotional distress.

115. As a result of Defendants' aforementioned unlawful conduct, Plaintiff has suffered, and continues to suffer, loss of past and future wages and benefits, mental anguish, severe emotional distress, loss of enjoyment of life, and other monetary damages connected with Defendants' aforementioned violations.

116. As a result of the outrageous and blatantly unlawful conduct of Defendants, with such conduct that contravenes public policies and statutes, Plaintiff is entitled to punitive damages.

## AS AND FOR A NINTH CAUSE OF ACTION
**Hostile Work Environment in Violation of Administrative Code § 8-101,** *et seq*.

117. Plaintiff repeats, reiterates and re-alleges all prior allegations as though fully set forth herein.

118. The workplace is permeated with discriminatory intimidation, actions, and ridicule, which were sufficiently severe that they altered the conditions of Plaintiff's employment and created an abusive working environment, which placed Plaintiff in harm's way and which lead to Plaintiff suffering a permanent and serious emotional distress.

119. As a result of Defendants' aforementioned unlawful conduct, Plaintiff has suffered, and continues to suffer, loss of past and future wages and benefits, mental anguish, severe emotional distress, loss of enjoyment of life, and other monetary damages connected with Defendants' aforementioned violations.

120. As a result of the outrageous and blatantly unlawful conduct of Defendants, with such conduct that contravenes public policies and statutes, Plaintiff is entitled to punitive damages.

## AS AND FOR A TENTH CAUSE OF ACTION
**Retaliation in Violation of New York Whistleblower Act, Labor Law § 740,** *et seq*.

121. Plaintiff repeats, reiterates and re-alleges all prior allegations as though fully set forth herein.

122. Defendants violated New York Whistleblower Act, Labor Law § 740, *et seq.* by engaging in, perpetuating and permitting supervisory and decision making employees to engage in retaliatory actions against Plaintiff for engaging in protected activities, when complaining and/or threatening to complain about Defendants' improper and unlawful practices that endangered the health and safety of the public.

123. As a result of Defendants' aforementioned conduct, Plaintiff has suffered, and continues to suffer, loss of past and future wages and benefits, mental anguish, severe emotional distress, loss of enjoyment of life, and other monetary damages connected with Defendants' aforementioned violations.

124. Plaintiff continues to suffer and to incur additional damages by reason of the foregoing.

125. As a result of the outrageous and blatantly retaliatory conduct of Defendants, with such conduct that contravenes public policies and statutes, Plaintiff is entitled to punitive damages.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
**Intentional Infliction of Emotional Distress**

126. Plaintiff repeats, reiterates and re-alleges all prior allegations as though fully set forth herein.

127. Defendants engaged in conduct toward Plaintiff that is extreme and outrageous so as to exceed the bounds of decency in a civilized society.

128. Defendants intended to cause and/or disregard a substantial probability of causing severe emotional distress to the Plaintiff.

129. That at all times hereinafter mentioned there existed a causal connection between the Defendants' conduct and injury sustained by the Plaintiff.

130. By their actions and conduct, Defendants intended to and did intentionally or recklessly cause the Plaintiff to suffer severe emotional distress.

131. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered, and continues to suffer, severe emotional distress, for which he is entitled to an award of damages.

132. Defendants' extreme and outrageous conduct was knowing, malicious, willful and wanton, entitling the Plaintiff to an award of punitive damages.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Kavon Jenkins, respectfully demands the following relief.

A. Award Plaintiff equitable relief of back pay, front pay, salary and fringe benefits;

B. Unpaid overtime wages and an additional and an equal amount as liquidated damages pursuant to FLSA and the supporting United States Department of Labor regulations;

C. Unpaid overtime wages pursuant to NYLL Art. 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations, and an additional and equal amount as liquidated damages pursuant to NYLL Art, 19, § 663;

D. Award Plaintiff full compensation damages under the Executive Law of the State of New York, New York State Human Rights Law ("Executive Law"), § 296, *et seq.*, and the Administrative Code of the City of New York, New York City Human Rights Law ("Administrative Code"), § 8-101, *et seq.*;

E. Award full liquidated and punitive damages as allowed under the Executive Law of the State of New York, New York State Human Rights Law ("Executive Law"), § 296, *et seq.*, and the Administrative Code of the City of New York, New York City Human Rights Law ("Administrative Code"), § 8-101, *et seq.*;

F. Award full liquidated and punitive damages as allowed under New York Whistleblower Act, Labor Law § 740, *et seq.*, in an exact amount to be determined at trial;

G. Issue a declaratory judgment declaring that Defendants' actions are unlawful;

H. Issuance of a declaratory judgment that the practices and policies complained of in this Complaint are unlawful under FLSA and NYLL Art. 19 §§ 650 *et seq.*, and the supporting United States Department of Labor and New York State Department of Labor regulations;

I. An injunction requiring Defendants to pay all statutorily required wages and benefits pursuant to FLSA and NYLL;

J. Award pre-judgment and post-judgment interests;

K. Award Plaintiff an amount to be determined at trial for lost compensation, back-pay, front-pay, bonuses, raises, emotional distress damages, and additional amounts such as liquidated damages;

L. Award Plaintiff such compensatory, prospective, exemplary and punitive damages as this Court deems appropriate, just and proper;

M. Award Plaintiff the cost of prosecuting this action and for reasonable attorneys' fees under the aforementioned statutes and 42 U.S.C. § 1988; and

N. Such other and further relief as this Court deems just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Dated: New York, New York
October 10, 2017

        Respectfully Submitted,

        LAW OFFICE OF RUDY A. DERMESROPIAN, LLC

        By: \_\_\_\_s/ Rudy A. Dermesropian_____
            Rudy A. Dermesropian (RD 1882)
            260 Madison Avenue, Floor 15
            New York, NY 10016
            Telephone: (646) 586-9030
            Fax: (646) 586-9005

        *Attorneys for Plaintiff*