UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:    9/12/2019
```

--------------------------------------------------------------X

KAVON JENKINS,                              :
                                            :
                           Plaintiff,       :
                                            :
            -against-                       :          17-CV-7764 (VEC)
                                            :
YELLOWSTONE PROPERTIES, INC.;               :          OPINION AND ORDER
ORLANDO FRANCO, individually and in his     :
official capacity,                          :
                                            :
                           Defendants.      :
--------------------------------------------------------------X

VALERIE CAPRONI, United States District Judge:

Plaintiff Kavon Jenkins, formerly employed as a building porter by Defendant

Yellowstone Properties, Inc. ("Yellowstone"), sued Yellowstone and its property manager,

Defendant Orlando Franco, for alleged violations of the federal Fair Labor Standards Act

("FLSA") and the New York Labor Law ("NYLL"); alleged discrimination and hostile work

environment on the basis of race in violation of the New York State Human Rights Law

("NYSHRL") and New York City Human Rights Law ("NYCHRL"); alleged retaliation in

violation of the New York Whistleblower Act; and alleged common-law intentional infliction of

emotional distress. *See* Dkt.1 (Compl.).

Defendants moved for partial summary judgment on Plaintiffs' NYSHRL and NYCHRL

claims, Whistleblower Act claim, and IIED claim, as well as on his claims for "recordkeeping

violations" in violation of the NYLL, his NYLL "spread of hours" claim, and (possibly) his

NYLL overtime claim. *See* Dkts. 30-32.  On August 16, 2019, the Court ordered Plaintiff to

show cause why his NYSHRL, NYCHRL, Whistleblower Act, and IIED claims should not be

dismissed for lack of supplemental jurisdiction under 28 U.S.C. § 1367(a). *See* Dkt. 40.  Both

parties responded to the order. *See* Dkts. 43, 44.  Upon due consideration of the parties'

arguments, the Court concludes that it lacks supplemental jurisdiction over Plaintiff's NYSHRL, NYCHRL, Whistleblower Act, and IIED claims and therefore dismisses those claims without prejudice.  The Court does, however, have supplemental jurisdiction over Plaintiff's FLSA and NYLL claims, including his NYLL spread-of-hours, "recordkeeping," and overtime claims. Defendants' motion for summary judgment is GRANTED as to the spread-of-hours and "recordkeeping" claims and DENIED as to the overtime claim.

## STANDARD

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986).  "A genuine dispute exists when the evidence is such that, if the party against whom summary judgment is sought is given the benefit of all permissible inferences and all credibility assessments, a rational factfinder could resolve all material factual issues in favor of that party."  *Sec. & Exch. Comm'n v. Sourlis*, 851 F.3d 139, 144 (2d Cir. 2016) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  "Summary judgment is appropriate when there can be but one reasonable conclusion as to the verdict, . . . *i.e.*, it is quite clear what the truth is, . . . and no rational factfinder could find in favor of the nonmovant."  *Id.* at 144 (citations and internal quotation marks omitted).

## DISCUSSION

## I.    Supplemental Jurisdiction Over Plaintiffs' NYSHRL, NYCHRL, New York Whistleblower Act, and IIED Claims

"It is a fundamental precept that federal courts are courts of limited jurisdiction and lack the power to disregard such limits as have been imposed by the Constitution or Congress. . . . If subject matter jurisdiction is lacking and no party has called the matter to the court's attention,

the court has the duty to dismiss the action sua sponte." *Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 62-63 (2d Cir. 2009) (quoting *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978)) (internal quotation marks omitted); *see also, e.g.*, *Mastafa v. Chevron Corp.*, 770 F.3d 170, 187 (2d Cir. 2014) ("If subsequent materials in the record cast sufficient doubt upon the allegations in the complaint that formed the basis for the court's subject-matter jurisdiction, the court must revisit the question of its jurisdiction *sua sponte* . . . ."). Plaintiff, as the party invoking federal jurisdiction, bears the burden of demonstrating that this Court has subject-matter jurisdiction over each claim. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Absent diversity jurisdiction, this Court may exercise supplemental jurisdiction over state law claims only if they are so related to claims in the action over which the Court has original jurisdiction "that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). "[D]isputes are part of the same case or controversy within § 1367 when they derive from a common nucleus of operative fact." *Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 335 (2d Cir. 2006) (internal quotation omitted). Claims derive from a common nucleus of operative fact "where the facts underlying [them] substantially overlap[] . . . or where presentation of the federal claim necessarily br[ings] the facts underlying the state claim before the court." *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 704 (2d Cir. 2000) (citations omitted).

The Court undoubtedly has original jurisdiction under 29 U.S.C. § 216(b) over Plaintiff's claim under the Fair Labor Standards Act, *see* Dkt. 1 (Compl.) ¶¶ 79-84, and supplemental jurisdiction pursuant to Section 1367(a) over his wage-and-hour claims under the NYLL, *see* Dkt. 1 (Compl.) ¶¶ 85-103. This includes Plaintiff's NYLL spread-of-hours, "recordkeeping,"

and overtime claims.  Resolving all of these claims require considering evidence of the hours

Plaintiff worked, the rate and method by which he was paid, the amounts he was paid, and the

parties' records (or lack thereof) on these subjects.  Because "the facts underlying the[se] federal

and state claims substantially overlap[]," they arise from a common nucleus of operative fact.

*Lyndonville*, 211 F.3d at 704 (citation omitted).

The same cannot be said for Plaintiff's NYSHRL, NYCHRL, New York Whistleblower

Act, and IIED claims.  Having reviewed the parties' summary-judgment materials, *see* Dkts. 30-

39, it is apparent that there is insufficient factual or evidentiary overlap between them and

Plaintiff's wage-and-hour claims to confer supplemental jurisdiction.  The factual issues that are

central to Plaintiff's discrimination, hostile-work-environment, whistleblower, and IIED

claims—such as whether Plaintiff was a whistleblower under New York law, whether he

suffered adverse employment actions, whether racial or whistleblower animus motivated those

actions, and whether Plaintiff suffered severe emotional distress as a result of allegedly heinous

behavior by Defendants—are irrelevant to Plaintiffs' wage and hour claims, which will be

resolved through testimony and documents "regarding the hours Plaintiff worked and the

compensation he received."  *Kobeck v. Armonk Bristal LLC*, No. 16-CV- 8870, 2018 WL

1406623, at *3 (S.D.N.Y. Mar. 19, 2018).  While Plaintiff is correct that both sets of claims arise

from the same employment relationship; that "the parties involved" are the same across all

claims; and that "the time frame of the events is the same with regard to all claims," *see* Dkt. 43

at 1, those facts do not establish the common nucleus of operative fact necessary for

supplemental jurisdiction.  *See, e.g.*, *Kobeck*, 2018 WL 1306623 at *3 (citing *Torres v.

Gristede's Operating Corp.*, 628 F. Supp. 2d 447, 468 (S.D.N.Y. 2008) (collecting cases));

*Hernandez v. Mauzone Home Kosher Prods. of Queens, Inc.*, No. 12-CV-2327, 2013 WL

5460196, at *2 (E.D.N.Y. Sept. 30, 2013) ("Although Plaintiff argues that both her federal wage and hour claims and her city and state discrimination claims will rely on the same set of facts, specifically the number of hours Plaintiff worked for Defendants, the facts do not 'substantially' overlap to require the Court to exercise its supplemental jurisdiction."); *Hahn v. Rocky Mountain Express Corp.*, No. 11-CV-8512, 2012 WL 2930220, at *1 (S.D.N.Y. July 16, 2012) ("The only overlap between Plaintiff's wage claims and his age discrimination claim is the fact that both arose in connection with his employment at RMX.  Defendant's alleged failure to pay overtime and allegedly age-motivated termination of Plaintiff are, otherwise, entirely separate cases and controversies."); *Rivera v. Ndola Pharm. Corp.*, 497 F. Supp. 2d 381, 393-95 (E.D.N.Y. 2007) ("Plaintiff's employment relationship is insufficient to create a common nucleus of operative fact where it is the sole fact connecting plaintiff's federal overtime claim and the remaining state law claims.  As such, plaintiff's remaining state law claims do not form part of the same case or controversy as plaintiff's FLSA overtime claim . . . ." (internal quotation marks omitted)).[1]

The Court is unpersuaded by Plaintiff's contention that his discrimination claims substantially overlap with his FLSA claim because, "as shown in paragraphs 52 through 66 of the Complaint, Defendants' decision not to pay Plaintiff for the overtime hours worked is directly targeting Plaintiff, which is another form of harassment, discrimination and abuse."  Dkt. 43 at 1.  Paragraphs 52 through 66 of the Complaint do not, contrary to Plaintiff's

---

[1]    *Treglia v. Town of Manlius*, 313 F.3d 713, 717-18 (2d Cir. 2002), and *Nicholsen v. Feeding Tree Style, Inc.*, No. 12-CV-6236, 2014 WL 476355, at *2-4 (S.D.N.Y. Feb. 6, 2014), are different.  In *Treglia*, the court had supplemental jurisdiction over the plaintiff's state disability-discrimination claim because it arose from the same facts as his disability-discrimination claim under the federal Americans with Disabilities Act.  *Treglia*, 313 F.3d at 722-24.  The facts underlying the state and federal claims were identical.  In *Nicholsen*, the court had supplemental jurisdiction over the defendant's faithless-servant and breach-of-fiduciary-duty counterclaims because the central allegation underlying those counterclaims—that the plaintiff had stolen a ledger in which the defendant's employees had recorded their hours—was also critical to resolving the plaintiff's FLSA claim: if the plaintiff stole the ledger, then the ledger necessarily existed, in which case the defendant may have fulfilled its duty to keep accurate employment records and therefore could avoid bearing the burden of proving the hours the plaintiff worked to defeat the plaintiff's FLSA claim.  *Nicholsen*, 2014 WL 476355, at *2-4.  There is no such factual overlap in this case.

characterization, allege that any failure to pay overtime was in any way connected to racial or whistleblower animus, *see* Dkt. 1 (Compl.) ¶¶ 52-66, and even if they did, there is absolutely no evidence or argument in the summary-judgment record to support that theory.  Plaintiff did not mention Defendants' alleged failure to pay overtime as a "form of harassment, discrimination and abuse" when opposing Defendants' motion for summary judgment, *see* Dkt. 35 (Mem. in Opp. to MSJ) at 11 (listing six alleged adverse employment actions, none of which is failure to pay overtime), instead doing so for the first time in response to the Court's query whether it has supplemental jurisdiction over Plaintiff's discrimination and hostile-work-environment claims, *see* Dkt. 43 at 1-2.  Given Plaintiff's failure to plead this discrimination theory and to marshal evidence that might even conceivably support it, the Court is confident that the facts underlying Plaintiff's NYSHRL, NYCHRL, New York Whistleblower Act, and IIED claims do not substantially overlap with his FLSA claim and that resolving the FLSA claim will not bring the facts underlying the NYSHRL, NYCHRL, New York Whistleblower Act, and IIED claims before the court.[2]  *Lyndonville*, 211 F.3d at 704 (citation omitted).

Finally, contrary to Plaintiff's argument, *see* Dkt. 43 at 3, his post-filing move to North Carolina does not confer diversity jurisdiction.  A "party's citizenship is analyzed at the time the suit is filed," *d'Amico Dry Ltd. v. Primera Maritime (Hellas) Ltd.*, 886 F.3d 216, 226 n.8 (2d Cir. 2018), and a party's post-filing change in citizenship cannot cure a lack of diversity that existed when the case was commenced, *Grupo Dataflux v. Atlas Global Grp.*, 541 U.S. 567, 576 (2004).  Neither of the "exceptions" to the time-of-filing rule described in *Herrick Co. v. SCS*

---

[2]    Plaintiff's contention that "[t]he overtime worked by Plaintiff is in part directly related to the work that he was forced to do and 'the only porter that was forced to clean and empty the dangerously defective compactor infested with rats, and the basement that was overtaken by rats, while other non-Black porters were not forced to engage in such dangerous and harmful work' (see Complaint at ¶ 74)," *see* Dkt. 43 at 1, is not even coherent.  But to the extent the Court understands his point, it is not persuasive.  Even assuming Plaintiff was required to clean the compactor room because he is black, that is irrelevant to the only questions of significance to his wage-and-hour claims: how many hours did he work and was he paid in compliance with wage-and-hour laws for those hours.

*Communications, Inc.*, 251 F.3d 315, 329 (2d Cir. 2001), applies here.  This is not a case "where the facts necessary to the establishment of diversity jurisdiction are subsequently determined to have obtained all along" such that the Court can "treat diversity jurisdiction as having existed from the beginning," *id.*; Plaintiff concedes that he was a New York citizen when the suit was filed, *see* Dkt. 43 at 3, so "the underlying facts (and not merely the pleadings) are inadequate to support federal jurisdiction."  *Herrick*, 251 F.3d at 329.  Nor is it a situation where merely "dismissing jurisdictional spoilers" can cure incomplete diversity.[3]  *Id.* at 329-30.

 For these reasons, the Court lacks supplemental jurisdiction under 28 U.S.C. § 1367(a) over Counts Six, Seven, Eight, Nine, Ten, and Eleven, and those counts are dismissed without prejudice.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

---

[3] Contrary to Plaintiff's suggestion, *see* Dkt. 43 at 2, because the Court lacks supplemental jurisdiction under Section 1367(a) over Plaintiff's NYSHRL, NYCHRL, New York Whistleblower Act, and IIED claims, it lacks discretion to decide whether to decline such jurisdiction under Section 1367(c).  There is no jurisdiction to decline.

## II.     Spread-of-Hours Pay

Count Three asserts a claim for spread-of-hours pay under the New York Labor Commissioner's minimum-wage order for "Miscellaneous Industries and Occupations."[4]  Dkt. 1 (Compl.) ¶¶ 91-94.  By its terms, however, that order does not apply to "employees who are covered by minimum wage standards in any other minimum wage order promulgated by the commissioner."  N.Y. Comp. Codes R. & Regs. tit. 12, § 142-1.1(a).  As a building porter and janitor, Plaintiff was undisputedly "an[] individual permitted to work by an employer in the building service industry," *id.* § 141-3.2(a), and was therefore subject to the Commissioner's wage order for the "Building Service Industry," *id.* § 141-1.1—not the Miscellaneous Industries and Occupations wage order.[5]  Because the Building Service Industry wage order does not require spread-of-hours pay, Plaintiff was not entitled to such pay as a matter of law.  *See Almonte v. 437 Morris Park, LLC*, No. 14 . 5951, 2015 WL 7460019, at *4 (S.D.N.Y. Nov. 24, 2015) ("[T]he Building Service Order clearly applies to employees like Plaintiff, who maintain and repair multi-unit apartment buildings occupied by multiple families. . . . As a result, Defendants are entitled to summary judgment on Plaintiff's spread-of-hours claim.").  The Court therefore grants summary judgment to Defendants on Count Three.

---

[4]     As far as this Court as aware, only this particular wage order requires spread-of-hours pay.  Plaintiff has identified no other wage order that could have required Defendants to give Plaintiff spread-of-hours pay.  Moreover, to the extent Plaintiff attempts to bring a spread-of-hours claim under Article 19 of the NYLL itself, *see* Dkt. 1 (Compl.) ¶ 93, that claim fails as a matter of law: Article 19 nowhere provides for spread-of-hour pay.

[5]     There is no dispute that Defendants were "engaged in whole or in part in renting, servicing, cleaning, maintaining, selling, or managing buildings or building space" and were thus employers in the building service industry.  N.Y. Comp. Codes R. & Regs. tit. 12, § 141-3.1(a); *see also* Dkt. 37 (Pltf's. Responses to Defs.' Local Rule 56.1 Statement) at 2-3 ¶ 2 (neither admitting nor denying Defendants' contention that they "manage[] nine residential apartment buildings in the Bronx"); Local Civ. R. 56.1(c) ("Each numbered paragraph in the statement of material facts set forth in the [movant's Rule 56.1] statement . . . will be deemed to be admitted for purposes of the motion unless specifically controverted by a correspondingly numbered paragraph in the statement required to be served by the opposing party.").  Nor does it matter—contrary to Plaintiff's argument, *see* Dkt. 35 (Mem. in Opp. to MSJ) at 24—that Plaintiff was not a live-in superintendent like the plaintiff in *Almonte*.  The Building Service Industry wage order applies to "any individual permitted to work by an employer in the building service industry," not just live-in superintendents.  N.Y. Comp. Codes R. & Regs. tit. 12, § 141-3.2(a).

### III.     NYLL Recordkeeping

Count Four asserts a claim for unspecified "recordkeeping violations" in violation of "NYLL Art. 19 *et seq.*, and supporting regulations."  Dkt. 1 (Compl.) ¶¶ 95-98.  Plaintiff has failed to offer—and the Court has been unable to identify—any authority suggesting that any provision of Article 19 of the NYLL creates a private right of action for alleged failures to maintain wage-and-hour records.  And the Article's structure indicates that the New York legislature did not intend for there to be such a private right of action: Section 661 of the NYLL obligates employers to maintain employment records, but the only provisions in the Article permitting enforcement of that obligation are Section 662(2), which imposes criminal penalties for failure to keep records, and Section 660, which authorizes the New York Labor Commissioner to inspect those records.  Because no provision of Article 19 explicitly confers a private right of action for generalized recordkeeping failures; because the Article's structure indicates that the Legislature did not intend to create such a right of action; and because Plaintiff has offered no authority to the contrary, the Court concludes that Plaintiff's free-floating recordkeeping claim under Article 19 is defective as a matter of law and grants summary judgment on that claim to Defendants.[6]

---

[6]      *Jemine v. Dennis*, 901 F. Supp. 2d 365, 375-76 (E.D.N.Y. 2012), the sole case cited by Plaintiff, actually confirms that Article 19 does *not* create a private cause of action for standalone recordkeeping violations.  It does so in two ways.  First, *Jemine* explained that Article 19's wage and overtime provisions "mirror[] the FLSA in most aspects" and ought to be interpreted similarly.  *Id.* at 375.  In light of this principle, because "there is no private right of action to enforce" the FLSA's record-keeping requirements, *Cunningham v. Elec. Data Sys. Corp.*, 579 F. Supp. 2d 538, 542-43 (S.D.N.Y. 2008) (citations omitted), there is no such right to enforce Article 19's parallel requirements either.  Second, *Jemine* points out that Article 19's record-keeping requirement is important because an employer's failure to maintain records as the statute requires triggers a heightened burden of proof on the employer during subsequent wage-and-hour litigation.  *Jemine*, 901 F. Supp. 2d at 376.  Section 661 therefore serves a vital regulatory function even though an employee lacks a private right of action to enforce it.

**IV.   Overtime Pay**

It is not clear whether Defendants have moved for summary judgment on Count Five, Plaintiff's claim for overtime pay under the NYLL.  The introduction to Defendants' brief contradicts itself: its last paragraph seeks dismissal of Plaintiff's "third through eleventh causes of action," Dkt. 31 (Mem. in Supp. of MSJ) at 2, but the brief's first paragraph purports to move for summary judgment on all claims "except those related to the payment of [Plaintiff's] wages," *id.* at 1.

In any event, to the extent Defendants intended to move against Count Five, that motion is treated as abandoned because Defendants failed to address the basis for the motion in their papers.  *See Celotex Corp.*, 477 U.S. at 323 ("Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." (internal quotation marks omitted)).

## CONCLUSION

For the foregoing reasons, Counts Six, Seven, Eight, Nine, Ten, and Eleven are dismissed without prejudice for lack of subject-matter jurisdiction, and Defendants' motion for partial summary judgment is GRANTED IN PART and DENIED IN PART.  Summary judgment is granted to Defendants on Counts Three and Four.  Summary judgment is denied as to Count Five.

Jury selection and trial will begin on **February 3, 2020, at 10:00 a.m.**  Motions in limine must be filed no later than **October 18, 2019**, with responses due **November 1, 2019**.  No replies

in support of motions in limine will be permitted.  Oral argument on any motions is tentatively scheduled for **November 14, 2019, at 2:00 P.M.**

A joint pre-trial order, with joint requests to charge and proposed voir-dire questions (which must be focused only on the facts of this specific case), must be filed no later than **December 13, 2019**.  The parties are directed to the Undersigned's Individual Rules for the required form and contents of their joint pretrial order.  The parties must appear for a final pre-trial conference on **January 22, 2020 at 2:00 p.m.**

The Court reminds the parties that it is happy to refer them to mediation or to Magistrate Judge Parker for settlement discussions upon a joint request.

The Clerk of Court is respectfully directed to terminate the open motion at Dkt. 30.

**SO ORDERED.**

**Date:   September 12, 2019**
**        New York, New York**

_____
**VALERIE CAPRONI**
**United States District Judge**